Reese, J.
delivered the opinion of the court.
The only question in this case is, whether under the provisions of the fourth section of the act 1789, c 23, the creditor of a deceased debtor, resident at the time of the death, and of administration granted, without the limits of the state, but who, within two years from the time of granting administration, may have his domicil in the state, shall be entitled *250 three years from the qualification of the executor or ad~ mentioned in the act, or to two years only? Ana we are of opinion that the residence of the creditor at the' time of administration granted, and not at the time of the suit brought, determines the question whether he shall be barred by two, or by three years. If at the time of administration granted, the creditor resided within the limits of the state, and before the expiration of two years, removed beyond its limits, we think such removal shall not have the effect to extend the time of the bar one whole year. To say so, would contravene the policy of the statute. So on the other hand, if at the time of administration granted, the creditor reside beyond the limits of the state, and within two years remove his residence within, such removal shall not deprive him of the additional year within which to bring his suit. The difference of one year between resident and non-resident creditors, was probably produced by the belief that the non-resident creditor being usually at a greater distance, and in a different community might not so readily ascertain the facts of death and of administration.. To deprive him of this advantage of longer time for inquiry and information, because, before the expiration of two years he had settled within the state, would neither be just to him nor consistent with the object for which the longer time was probably awarded to him by the statute. Let the judgment be affirmed.
Judgment affirmed.